**RUAN ZHONG SHI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

No. 05–3147–ag.

United States Court of Appeals, Second Circuit.

May 18, 2006.

———

Khaghendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, New York, for Petitioner.

Johnny K. Sutton, United States Attorney for the Western District of Texas, Gary L. Anderson, Assistant United States Attorney, San Antonio, Texas, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 18th day of May, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") decision is GRANTED.

Ruan Zhong Shi petitions for review of the BIA's May 24, 2005 order affirming Immigration Judge ("IJ") Terry Bain's February 2, 2004 decision denying Shi's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an affirmance without opinion, we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004).

An important basis for the IJ's adverse credibility determination was the IJ's finding that Shi's failure to describe basic tenets of Falun Gong undermined his claim to have practiced Falun Gong. This Circuit recently clarified the law governing questions about an applicant's knowledge of his or her professed religion in *Rizal v. Gonzales*, 442 F.3d 84 (2d Cir.2006), in which we stated that "[b]oth history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation." *Id.* at 90. *Rizal* explained that questions about substantive religious knowledge are permissible only to the extent that substantial evidence in the record supports the conclusion that an applicant should be prepared to answer them.[1] *See id.*

Shi claimed to have participated in the practice of Falun Gong and in receiving some teachings from a master, but neither the IJ nor the government explored with Shi the nature of those practices or teachings. The IJ's questions concerning Shi's religious knowledge would be justified insofar as someone with his alleged exposure could have been expected to answer them. *See id.* at 90–91.

■ In light of the significant clarification of our law set forth in *Rizal*, we remand for reconsideration of the IJ's conclusion that Shi, as a practitioner of Falun Gong, should have been able to explain better the basic tenets of truthfulness, forbearance and kindness of Falun Gong.

In remanding, we note that even if the IJ's questions about religion and his reli-

---

1. Thus, although "we can certainly imagine instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding—for instance, where an applicant claims to have been a teacher of, or expert in, the religion in question," *id.*, " 'many deeply religious people know very little about the origins, doctrines, or even observances of their faith.' " *Id.* at 91 (quoting *Zhen Li Iao v. Gonzales*, 400 F.3d 530, 533 (7th Cir.2005)).

ance on Shi's responses were permissible, several of the IJ's other findings were potentially problematic, and the BIA or the IJ may wish to reconsider them on remand. For example, the IJ faulted Shi for not being aware of propaganda efforts by others in promoting Falun Gong in China or for not mentioning his efforts in organizing demonstrations and meetings "until he was prompted to." It is not clear to what propaganda efforts the IJ was referring or why a person in Shi's position would necessarily have been aware of these efforts. Similarly, it is not clear from Shi's asylum application that described his efforts on behalf of Falun Gong as "arrang[ing] members to demonstrate Falun Gong to other people in order to propadandize (sic) the Falun Gong" that Shi's understanding of demonstrations or meetings in the question posed by the IJ was the same as the IJ's in that Shi's application and responses throughout his testimony centered on his efforts to organize exhibitions of Falun Gong practice.

■ Substantial evidence supported the IJ's conclusion that Shi's credibility was suspect given his lack of familiarity with basic details of his parents' experience while in the custody of Chinese officials in light of a letter written by his uncle describing that treatment. Nevertheless, we vacate the BIA's order because it is not clear that this ground alone so condemns Shi's credibility that this Court "can state with confidence that the same decision would be made on remand" once the other grounds relied upon by the IJ are reconsidered. *Xiao Ji Chen v. United States DOJ*, 434 F.3d 144, 162 (2d Cir.2006).

For the foregoing reasons, Shi's petition for review is GRANTED. We VACATE the BIA's order and REMAND the case to the BIA with instructions to remand to an IJ for further proceedings consistent with this opinion. Because the IJ's ruling on

Shi's application for withholding of removal under the INA and the CAT was also based, at least in part, upon the adverse credibility determination, we vacate and remand with respect to these two claims as well. Finally, Shi's motion for a stay of deportation is DENIED as moot.